**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**AUTO-OWNERS INSURANCE COMPANY**,

    Plaintiff,

v.

**COOK COUNTY LAND VENTURES, L.L.C., BUSH FAMILY PROPERTIES, LLC, WILLIAM H. BUSH, and ELDEN HOLMES,**

    Defendants.

Civil Action No. 7:19-CV-87 (HL)

# ORDER

Before the Court is Georgia Farm Bureau Mutual Insurance Company's ("Farm Bureau") Motion to Intervene as a third-party defendant. (Doc. 24). In this action for declaratory judgment, Plaintiff Auto-Owners Insurance Company ("Auto-Owners") asks the Court to construe the terms of an insurance policy issued to Defendant Cook County Land Ventures, L.L.C. ("CCLV") and to determine the insurance company's obligations under the policy. Farm Bureau moves to intervene under Federal Rules of Civil Procedure 24(a) and 24(b). Auto-Owners objects to Farm Bureau's intervention. (Doc. 27). Defendants offered no response to the motion. The Court does not find intervention to be appropriate at this time. Accordingly, Farm Bureau's motion is **DENIED**.

**I.     BACKGROUND**

This declaratory judgment action arises out of a personal injury case also pending before the Court. See Holmes v. Cook Cty. Land Ventures L.L.C., et al., 7:18-CV-206 (HL).[1] Defendant Elden Holmes, the plaintiff in the underlying lawsuit, alleges that he suffered catastrophic injuries on May 24, 2017, when a rotten limb fell from a pecan tree and struck him. The accident occurred at Holmes' residence, a property he leased through CCLV and Bush Family Properties, LLC ("BFP"). According to Holmes' Complaint, CCLV and BFP were engaged in a joint venture. William H. Bush purportedly was responsible for maintaining all properties owned by CCLV and BFP.

At the time of the underlying incident, Auto-Owners insured CCLV under a commercial general liability policy. Auto-Owners filed this declaratory judgment action to determine its rights and responsibilities under that policy. Auto-Owners alleges that the policy issued to CCLV does not cover any losses sustained as a result of any joint venture engaged in by CCLV and BFP. Auto-Owners also alleges that it is not obligated to defend or indemnify CCLV because CCLV did not timely notify the insurance company of the claim.

Farm Bureau insures BFP and William Bush under an independent insurance policy. Farm Bureau also insures CCLV under a separate policy. Farm

---

[1] Defendants' motion for summary judgment is pending in the underlying action.

Bureau seeks to intervene in this action, arguing that Auto-Owners is attempting to leave Farm Bureau "holding the bag." (Doc. 24-1, p. 4). Accordingly, Farm Bureau suggests that it should be permitted to intervene "to ensure that its interests are adequately protected." (Id.).

## II.  DISCUSSION

### A.  Intervention as of Right

Under Rule 24(a), the court must permit intervention by any party who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Therefore, in order to intervene as a matter of right, the movant must (1) file a timely application to intervene; (2) assert an interest relating to the property or transaction that is the subject of the pending litigation; (3) be so situated that, as a practical matter, disposition of the action may impede or impair the movant's ability to protect that interest; and (4) demonstrate that the movant's interest is not adequately represented by the existing parties. Worlds v. Dep't of Health and Rehab. Servs., 929 F.2d 591, 593 (11th Cir. 1991). "A party seeking to intervene as a matter of right must establish all four of the above requirements." Lancer Ins. Co. v. Hitts, No. 5:09-CV-302 (CAR), 2010 WL 2867836, at *2 (M.D. Ga. July 22, 2010).

3

There is no dispute concerning the timeliness of Farm Bureau's motion. The timeliness analysis takes into consideration the length of time the movant knew or reasonably should have known of its interest in the case; the prejudice faced by the existing parties stemming from any delay moving to intervene; the extent to which the movant may be prejudiced if not permitted to intervene; and the existence of any unusual circumstances impacting the timing of the motion to intervene. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

In this case, Auto-Owners filed its action for declaratory relief on June 19, 2019. Nine months later, on March 3, 2020, Farm Bureau filed its motion to intervene. While written discovery had been exchanged, at the time of Farm Bureau's motion, the existing parties had not yet taken depositions. Approximately five weeks remained before the expiration of the discovery period. The parties filed a joint motion requesting that the Court stay the remaining discovery deadlines pending resolution of Farm Bureau's motion to intervene. The Court granted the motion. Under these circumstances, the Court agrees that Farm Bureau's motion was timely.

Farm Bureau, however, has not demonstrated that it has a substantive legal interest in the declaratory judgment action or that its interest may be adversely impaired by the disposition of the declaratory judgment action. A party is entitled to intervene as a matter of right only "if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable."

4

Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002). A legal protectable interest "is something more than an economic interest." United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991) (quotation marks and citation omitted). "What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." Id. (emphasis in original) (quotation marks and citation omitted).

In support of its motion to intervene as a matter of right, Farm Bureau relies exclusively on another case recently decided in this district, Great W. Cas. Ins. Co. v. Burns, No. 5:19-CV-6-TES, 2019 WL 1558697 (M.D. Ga. Apr. 10, 2019). That case is factually distinguishable. There, Atlantic Specialty Insurance Company ("Atlantic") moved without opposition to intervene as a matter of right in a declaratory judgment action filed by Great West Casualty Insurance Company ("Great West"). Id. at *1-2. Both insurance companies insured an employer whose employee was involved in a trucking accident, and both insurance companies were named as defendants in the underlying direct action lawsuit. Id. Atlantic claimed that if the court determined that the Great West policy did not afford coverage, that decision potentially would "trigger" Atlantic's policy. Id. at *2.[2] The court then summarily found that Atlantic's interests would be impaired if

---

[2] See also Berkley Reg'l Specialty Ins. Co. v. Belle Chase, LLC, No. 1:18-CV-291-MHC, 2018 WL 6167951, at *1 (N.D. Ga. Apr. 19, 2018) (finding that the holder of a commercial umbrella policy had a right to intervene in a declaratory judgment action filed by the holder of a commercial general liability policy

not able to participate in the declaratory judgment action and that no existing party could represent Atlantic's interests and found intervention as a matter of right to be appropriate. Id.

In another decision issued in this district, the court offered a more detailed explanation regarding why one insurance company could intervene as a matter of right in a declaratory judgment action filed by another insurance company. Lancer Ins. Co. v. Hitts, 2010 WL 2867836, at *2-3. As in Great West, in Lancer, both Lancer Insurance Company ("Lancer") and Amerisure Mutual Insurance Company ("Amerisure") were named as defendants in the underlying litigation. Id. at *1. In granting the motion to intervene, the court there explained,

> A finding by this Court that the Lancer policy did not cover the truck involved in the accident . . . could adversely impact Amerisure's position in the underlying personal injury suit both financially and legally. Such a finding would impact Amerisure's financial exposure with respect to any shared liability with Lancer that may otherwise have arisen in the underlying litigation. Thus, as opposed to a general grievance, the interest here is direct, substantial, and particularized.

Id. at *2 (citation omitted). The court further concluded that the outcome of the declaratory judgment action "may foreclose legal arguments and remedies, such as those for contribution and subrogation, that may otherwise be available to Amerisure in the underlying litigation." Id. As a result, the court found that

---

because coverage under the umbrella policy "follow[ed] from" the other policy, meaning that coverage under the umbrella policy applied only if coverage was also provided under the general liability policy).

Amerisure's interest in intervening was "more than economic and is legally protectable as deriving from legal rights available to Amerisure in the substantive law." Id. (citation omitted).

Here, Farm Bureau has offered no explanation concerning its interest in intervening in this declaratory judgment action beyond stating that Auto-Owners "seeks to avoid any obligation under its policy to pay for the underlying claim" and, thus, "is attempting to leave Farm Bureau 'holding the bag.'" (Doc. 24-1, p. 4). Unlike Great West and Lancer, where there was evidence of some direct and substantial legal interest at play, Farm Bureau's interest in intervening in this case is purely economic, which is not enough meet the requirements for intervention as of right. See Mt. Hawley Ins. Co. v. Sandy Lake Prop., 425 F.3d 1308, 1311 (11th Cir. 2005) (affirming denial of motion to intervene filed by personal representative of an estate and finding no legally protectable interest in the representative's assertion that if the insurance company were released from providing coverage he would "not have [a] pool or fund from which to recover damages"). Further, Defendants share Farm Bureau's interest in expanding the availability of any insurance coverage. Without evidence that Farm Bureau's legal interests may otherwise be impaired, Farm Bureau has provided no basis for the Court to conclude that the existing Defendants cannot adequately represent Farm Bureau's generalized interest in ensuring that Auto-Owners continues to provide coverage in the underlying litigation. Accordingly, the Court

**DENIES** Farm Bureau's motion to intervene under Federal Rule of Civil Procedure 24(a).

### B. Permissive Intervention

A district court may in its discretion permit a party to intervene. "Permissive intervention under Fed. R. Civ. [P.] 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." Georgia v. U.S. States Army Corps of Eng'rs., 302 F.3d at 1250. As previously discussed, under the circumstances presented, Farm Bureau's motion to intervene is timely and will not unduly prejudice or delay these proceedings. However, Farm Bureau has not demonstrated that it has a claim or defense with a question of law or fact in common with Auto-Owner's claim that it owes no duty to offer a defense or indemnification to CCLV under the terms of its policy.

Rule 24(b)(2)'s claim or defense clause generally is liberally construed. See Stallworth v. Monsanto Co., 558 F.2d 257, 269 (5th Cir. 1977); see also SEC v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940) (Rule 24(b)(2) "plainly dispenses with any requirement that the intervenor shall have a direct or pecuniary interest in the subject litigation."). Permissive intervention only "requires an interest sufficient to support a legal claim or defense." Laube v.

Campbell, 215 F.R.D. 655, 659 (N.D. Ala. 2003) (citing Diamond v. Charles, 476 U.S. 54, 77 (1986)).

In Nationwide Mut. Ins. Co. v. Waddell, the court found that State Farm Mutual Automobile Insurance Company ("State Farm") should be allowed to intervene under Rule 24(b)(2) in a declaratory judgment action filed by Nationwide Mutual Insurance Company ("Nationwide"). No. 5:04-CV-429 (CAR), 2005 WL 2319698, at *2 (M.D. Ga. Sept. 22, 2005). There, State Farm issued an insurance policy that provided coverage secondary to Nationwide's primary policy. Id. at *1. State Farm claimed that if Nationwide prevailed in the declaratory judgment action, it then would become the primary insurer. Id. The Court explained that the issue in the case was "whether the insurance policy obligates [Nationwide] to defend any claims and/or indemnify any losses that may arise" in the underlying personal injury action. Id. at *3. The court found that as a secondary insurer, "State Farm clearly ha[d] an interest sufficient to support its claim that [Nationwide] is obligated under its insurance policy." Id. Consequently, the court held that "State Farm [would] be better able to defend its interest if allowed to intervene" and that the information "gathered in State Farm's investigation [would] help clarify [Nationwide's] rights and obligations under the policy." Id.

Similarly, in Lancer, while the court found that Amerisure met the requirements for intervention as of right, the court also concluded alternatively

9

that Amerisure asserted claims meriting permissive intervention. 2010 WL 2867836, at *4. The court explained that Amerisure had "shown both a defense and potential claim – in the event it file[d] its own corresponding declaratory judgment action – with common questions of law and fact to the original suit." Id. And, if not permitted to intervene, Amerisure could be prejudiced "because an adverse finding in the declaratory judgment action would potentially expand its liability and limit its available remedies in the underlying litigation." Id.

The question before the Court in this case is whether Auto-Owners is obligated under the commercial general liability policy issued to CCLV to provide CCLV a defense or indemnification in the underlying personal injury suit. Whether Auto-Owners owes insurance coverage to CCLV is irrelevant to whether Farm Bureau owes an independent duty to provide coverage under separate contracts with CCLV, BFP, and William Bush. While it is true that if Auto-Owners prevails in this action for declaratory judgment, Farm Bureau may potentially become the only insurance carrier available to cover any damages found to exist in the underlying lawsuit, Farm Bureau has not demonstrated how its legal rights may otherwise be impacted. Consequently, the Court does not perceive how Farm Bureau's "intervention will help resolve the issue of whether [Defendants] are entitled to coverage pursuant to a policy" issued by Auto-Owners. Mt. Hawley, 425 F.3d at 1312. The Court therefore **DENIES** Farm Bureau's motion to intervene under Federal Rule of Civil Procedure 24(b).

### III.  CONCLUSION

For the foregoing reasons, Georgia Farm Bureau Mutual Insurance Company's Motion to Intervene as a third-party defendant is **DENIED**.

The stay of discovery in this case is lifted. The parties are directed to confer and to submit a proposed revised scheduling and discovery order to the Court by not later than May 21, 2020.

**SO ORDERED** this 7th day of May, 2020.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**